B1040 (FORM 1040) (12/15)

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS**<br>LOLONYON AKOUETE | **DEFENDANTS**<br>JONATHAN GOLDSMITH |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Pro Se Litigant | **ATTORNEYS** (If Known)<br>Jonathan R. Goldsmith, Esq.<br>Egan, Flanagan & Cohen, P.C |
| **PARTY** (Check One Box Only)<br>□ Debtor       □ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor    ☑ Other  Interested Party<br>□ Trustee | **PARTY** (Check One Box Only)<br>□ Debtor       □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor    □ Other<br>☑ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Plaintiff seeks a declaratory judgment to affirm his appointment as Manager of Westborough SPE LLC, as outlined in the operating agreement and a durable power of attorney from Babcock and Brown Parallel Member LLC. The case addresses disputes over Plaintiff's managerial authority and succession, requiring clarification under Delaware Corporate Law and relevant U.S. Bankruptcy Code provisions, particularly those governing managerial roles in bankruptcy (11 U.S.C. §§ 101 et seq.). Massachusetts General Law c. 156C Section 24.(b); Delaware Title 6, Chapter 18-402

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation,
     actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
     (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☑ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court
     if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand  $ |

Other Relief Sought
Equitable Bill of Discovery

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Westborough SPE LLC | BANKRUPTCY CASE NO.<br>23-40709-CJP | |
| DISTRICT IN WHICH CASE IS PENDING<br>District of Massachusetts | DIVISION OFFICE<br>Worcester | NAME OF JUDGE<br>Christopher J. Panos |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF<br>Akouete | DEFENDANT<br>Goldsmith et al | ADVERSARY<br>PROCEEDING NO. 25-04033 |
| DISTRICT IN WHICH ADVERSARY IS PENDING<br>District of Massachusetts | DIVISION OFFICE<br>Worcester | NAME OF JUDGE<br>Christopher J. Panos |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | |
|---|---|
| DATE<br>6/17/2026 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Lolonyon Akouete |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, ss.

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 7 |
|  | ) | Case No. 23-40709-CJP |
| WESTBOROUGH SPE LLC, | ) |  |
|  | ) |  |
|  | ) |  |
| LOLONYON AKOUETE | ) |  |
|  | ) | Adversary Proceeding |
| Plaintiff, | ) | No. |
| v. | ) |  |
|  | ) |  |
| JONATHAN R. GOLDSMITH, | ) |  |
| CHAPTER 7 TRUSTEE OF | ) |  |
| WESTBOROUGH SPE LLC, et al., | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

## COMPLAINT FOR EQUITABLE BILL OF DISCOVERY, DECLARATORY RELIEF, AND RELATED EQUITABLE RELIEF

## INTRODUCTION

1. This action seeks a traditional equitable bill of discovery concerning information and documents that are material and necessary to Plaintiff's personal claims and that remain uniquely within the possession, custody, or control of Defendants.
2. Plaintiff does not seek discovery to determine whether a claim exists. Plaintiff has already identified specific conduct, specific actors, and specific injuries. The requested discovery is necessary to identify the full scope of the wrongdoing, determine the identity of all responsible parties, and obtain evidence necessary to establish Plaintiff's claims.
3. Despite years of litigation, Plaintiff has been unable to obtain the requested information. Discovery mechanisms that ordinarily might provide access to such information have proven unavailable, ineffective, or inadequate under the circumstances of this case.
4. Equity therefore requires intervention.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157.
6. This proceeding arises in and relates to the bankruptcy case of Westborough SPE LLC.
7. This Court possesses authority to adjudicate equitable claims, declaratory-relief claims, and issues arising under applicable state law.
8. Venue is proper in this District.

## PARTIES

9. Plaintiff Lolonyon Akouete is a creditor and interested party in the bankruptcy case and has asserted rights and interests that are personal to him. Plaintiff resides at 800 Red Mills Road, Wallkill, New York 12589. Plaintiff's telephone number is (443) 447-3276, and his email address is info@smartinvestorsllc.com.

10. Defendant Jonathan R. Goldsmith, Esq., is the Chapter 7 Trustee appointed in the bankruptcy case of Westborough SPE LLC. Upon information and belief, Trustee Goldsmith maintains his principal place of business at Egan, Flanagan & Cohen, P.C., 67 Market Street, Springfield, Massachusetts 01103. Upon information and belief, the office telephone number is (413) 737-0260, his direct telephone number is (413) 747-0700, and his email address is jrg@efclaw.com.

11. Defendant Goulston & Storrs P.C. is a Massachusetts professional corporation with its principal place of business at One Post Office Square, Boston, Massachusetts 02109. Upon information and belief, the firm's main telephone number is (617) 574-4000. Attorneys Gary M. Ronan, Esq. and David Abromowitz, Esq. have handled matters relevant to this action on behalf of Goulston & Storrs P.C. Attorney Ronan may be contacted at (617) 574-3593 and gronan@goulstonstorrs.com. Attorney Abromowitz may be contacted at (617) 574-4016 and dabromowitz@goulstonstorrs.com.

12. Defendant, Babcock & Brown Administrative Services, Inc., and any successor entity, is a Delaware corporation that served as the original Manager of Westborough SPE LLC under the Limited Liability Company Agreement dated October 22, 1997. Its last known address is 2 Harrison Street, 6th Floor, San Francisco, California 94105.

13. Defendant, Walter A. Horst, is the Chief Financial Officer of Babcock & Brown, with a usual place of business located at 1264 Rimer Drive, Moraga, California 94556. His direct telephone number is (925) 317-3510, his facsimile number is (925) 317-3501, his cell number is (925) 699-3542, and his email address is walter.horst@babcockbrown.com.

14. Defendant, Dyann Blaine, is an individual residing at 20 Queensbrook Place, Orinda, California 94563. Her telephone number is (415) 860-9750, and her email address is dyann.blaine@gmail.com.

15. Defendant, Peter L. Blaustein, is an individual residing at 950 Vista Road, Hillsborough, California 94010. He is also the Chief Investment Officer and Managing Partner of PB Investment Partners, with a usual place of business at 1350 Bayshore Highway, Suite 700, Burlingame, California 94010. His cellular telephone number is (650) 804-2492, and he may be reached by email at pblaustein@gmail.com or pblaustein@pbinvestmentpartners.com.

16. Defendant Philip Hartley Green is, upon information and belief, a former executive and officer associated with Babcock & Brown entities involved in the management, administration, and oversight of Westborough SPE LLC and related entities. Upon information and belief, Mr. Green is presently affiliated with Alceon Group Pty Limited, Level 26, 1 O'Connell Street, Sydney, New South Wales 2000, Australia. His email address is Phil.Green@alceon.com.au. Upon information and belief, Mr. Green possesses knowledge and information concerning the ownership, management, governance, and administration of Westborough SPE LLC and related entities.

17. Defendant David J. F. Lombe is the Liquidator of Babcock & Brown Limited and is affiliated with Deloitte Financial Advisory Pty Ltd, Grosvenor Place, 225 George Street, Sydney, New South Wales 2000, Australia. His professional email address is dlombe@deloitte.com.au. Upon information and belief, Mr. Lombe possesses records and information concerning the assets, ownership, management, governance, and corporate structure of Babcock & Brown entities, including records relating to Case No. CGC-09-493338, Babcock & Brown Limited v. Babcock & Brown Executive Achievement Services, Inc., et al., pending in the Superior Court of California, County of San Francisco, abandoned and recovered assets, authority to act on behalf of Babcock & Brown entities, and investigations conducted concerning the ownership and control of Westborough SPE LLC and related entities.

18. Defendant Paul D. Horvath, CPA, is a certified public accountant who, upon information and belief, prepared tax returns and provided accounting services relating to Mignonette Investments Limited, Westborough SPE LLC, and/or related entities. Upon information and belief, Mr. Horvath maintains a business address at 20 Crossways Park North, Suite 412, Woodbury, New York 11797. Upon information and belief, his telephone number is (516) 802-5264, his facsimile number is (516) 802-5265, and his email address is pauld@horvathcpa.com. Upon information and belief, Mr. Horvath is represented in matters relating to this action by Milber Makris Plousadis & Seiden, LLP, 1000 Woodbury Road, Suite 402, Woodbury, New York 11797.

19. Defendant U.S. Bank National Association is the successor to MUFG Union Bank, N.A. Upon information and belief, U.S. Bank maintains its principal executive offices at 800 Nicollet Mall, Minneapolis, Minnesota 55402, and its corporate telephone number is (651) 466-3000. Upon information and belief, U.S. Bank possesses records relating to Westborough SPE LLC and Union Bank account ending in 836, including signature cards, authorized signer records, account authority records, corporate resolutions, account-opening documents, transaction records, account statements, and records relating to the transfer of funds to the California State Controller.

20. Defendant Internal Revenue Service is an agency of the United States government. Upon information and belief, the Internal Revenue Service maintains its principal offices at 1111 Constitution Avenue, N.W., Washington, D.C. 20224, and its general telephone number is (800) 829-1040. Upon information and belief, the Internal Revenue Service possesses records relating to Westborough SPE LLC, Mignonette Investments Limited, and related entities, including tax returns, EIN applications, responsible-party information, powers of attorney, authorized representative records, and other records material to the claims described herein.

21. Defendant Massachusetts Department of Revenue is an agency of the Commonwealth of Massachusetts with offices located at 100 Cambridge Street, Boston, Massachusetts 02114. Upon information and belief, the Department's bankruptcy unit may be contacted at (617) 626-3875. Upon information and belief, the Department possesses records relating to Westborough SPE LLC, including tax returns, tax filings, responsible-party information, authorized representative records, bankruptcy-related filings, and other records material to the claims described herein.

22. Defendant TMF Group, upon information and belief, served as registered agent and corporate services provider for Mignonette Investments Limited and maintains offices at 36/F, Tower Two, Times Square, 1 Matheson Street, Causeway Bay, Hong Kong. Upon information and belief, TMF Group possesses records relating to Mignonette Investments Limited and Westborough SPE LLC. TMF Group is represented by Robert B. Lachenauer, Esq., Mintz & Gold LLP, 600 Third Avenue, 25th Floor, New York, New York 10016, telephone (646) 792-0331, email lachenauer@mintzandgold.com.

23. Defendant Corporation Service Company ("CSC") is a corporation organized under the laws of the State of Delaware with offices located at 251 Little Falls Drive, Wilmington, Delaware 19808. Upon information and belief, CSC served as registered agent for Westborough SPE LLC and maintained records concerning service of process, contact information, and registered-agent services relating to Westborough SPE LLC and related entities. Upon information and belief, CSC may be contacted through Steve Kirvan, Project Manager | Legal, telephone (800) 927-9801 ext. 62870, email steve.kirvan@cscglobal.com.

24. Defendant InterGest North America LLC is, upon information and belief, a business entity that provided administrative, corporate, and management-related services concerning Westborough SPE LLC and related entities. Upon information and belief, InterGest North America LLC designated Wilfried Roggenbau as a contact for "Westborough matters." Upon information and belief, Mr. Roggenbau may be contacted at telephone number +1 163 501 0500, facsimile number +1 163 501 1060, and email addresses wilfried.roggenbau@intergest.com, and info.usa@intergest.com. InterGest North America LLC is believed to possess records and information material to the claims described herein.

25. Defendant Office of the California State Controller, headed by State Controller Malia M. Cohen, is a constitutional office of the State of California with its principal place of business at 300 Capitol Mall, Suite 1850, Sacramento, California 95814. Upon information and belief, the Office possesses records relating to unclaimed property, escheatment proceedings, and assets associated with Westborough SPE LLC. Upon information and belief, the Office is represented in matters relating to this action by Matthew C. Heyn, Deputy Attorney General, California Department of Justice, telephone (213) 269-6232, email Matthew.Heyn@doj.ca.gov.

26. Defendant Town of Westborough is a Massachusetts municipal corporation having a usual place of business at Westborough Town Hall, 34 West Main Street, Westborough, Massachusetts 01581. Its main telephone number is (508) 871-5100. Upon information and belief, the Town possesses records relating to Westborough SPE LLC, the tax taking, foreclosure proceedings, valuation matters, and related transactions material to the claims described herein. Upon information and belief, the Town is represented in matters relating to this action by Courtney E. Mayo, Esq., Hassett & Donnelly, P.C., 446 Main Street, 12th Floor, Worcester, Massachusetts 01608, telephone (508) 791-6287, email cmayo@hassettdonnelly.com.

27. Defendant, Richard King, is an Assistant United States Trustee assigned to the Office of the United States Trustee for Region 1, having a usual place of business at 446 Main Street, 14th Floor, Worcester, Massachusetts 01608. Upon information and belief, his office email address is USTPRegion01.WO.ECF@usdoj.gov. Upon information and belief, Defendant King possesses or has access to communications, reports, correspondence, position statements, and other records concerning the administration of the bankruptcy case, Plaintiff's requests for relief, allegations concerning the Trustee's conduct, and other matters relevant to the claims and discovery sought herein.

## GENERAL ALLEGATIONS

28. Plaintiff has been involved in extensive litigation concerning Westborough SPE LLC, its management, authority structure, governance, assets, and related transactions.

29. Throughout those proceedings, disputes have repeatedly arisen concerning who exercised authority, who retained counsel, who directed actions taken on behalf of various entities, and who participated in conduct affecting Plaintiff's rights.

30. Plaintiff has identified categories of documents that are likely to answer those questions, including governance records, authority records, engagement records, formation records, and related materials.

31. Many of those records are not in Plaintiff's possession and are believed to be exclusively controlled by Defendants and persons aligned with them.

32. Plaintiff has repeatedly attempted to obtain those records through ordinary means.

33. Plaintiff has sought the requested information through motions to compel, motions to reopen discovery, requests for relief under Rule 56(d), and proceedings under Rule 2004 of the Federal Rules of Bankruptcy Procedure.

34. Plaintiff also sought assistance through the congressional constituent-services office of Representative Josh Riley to obtain IRS Forms SS-4, Forms 8822-B, and related responsible-party records.

35. The Internal Revenue Service declined the congressional inquiry pursuant to 26 U.S.C. § 6103 and refused disclosure of the requested records.

36. Other discovery efforts have been denied, limited, stayed, or rendered unavailable because of procedural barriers, standing determinations, expired discovery periods, governmental nondisclosure restrictions, or related rulings.

37. As a result, Plaintiff remains unable to obtain information that is material and necessary to determine authority, control, governance, and the identity of persons acting on behalf of the entities at issue.

38. No court has determined that the requested records are irrelevant, immaterial, or not subject to production through an independent equitable bill of discovery.

## LEGAL FRAMEWORK

39. Courts have long recognized the equitable bill of discovery as a remedy designed to obtain information uniquely possessed by another person and necessary to establish legal rights.
40. The remedy originated because ordinary legal procedures were inadequate to compel disclosure of evidence necessary to prove a claim.
41. Modern courts continue to recognize that equitable discovery survives where ordinary procedures have proven inadequate, ineffective, or wholly unavailable.
42. Courts have further recognized that a bill of discovery may aid both contemplated litigation and litigation that is already pending.
43. The existence of another lawsuit does not automatically defeat equitable discovery where the requested information cannot effectively be obtained through ordinary procedures.
44. The central inquiry is whether the requested information is material, necessary, specifically identified, and practically unavailable through ordinary means.
45. Plaintiff satisfies those requirements.

## WHY EQUITABLE RELIEF IS NECESSARY

46. Plaintiff has pursued multiple avenues to obtain the requested information.
47. Those efforts have not resulted in meaningful access to the requested records.
48. Defendants and related parties possess records that Plaintiff reasonably believes will identify decision makers, reveal authority chains, clarify governance issues, and establish the factual basis for personal claims.
49. Certain Defendants exercise control over, possess access to, or maintain relationships with third parties who possess relevant information.
50. Plaintiff cannot fairly investigate or prosecute his claims while the relevant evidence remains exclusively under the control of adverse parties.
51. The requested records are therefore necessary to provide Plaintiff with a fair opportunity to establish his claims.

## REQUESTED DISCOVERY

52. Plaintiff seeks production of narrowly tailored categories of records.
53. Plaintiff seeks narrowly tailored discovery directed to the missing corporate, governance, delegation, tax, banking, and authority records necessary to determine whether the authority chain asserted by Defendants is supported by contemporaneous documents and whether the persons who purported to act on behalf of Westborough SPE LLC, Mignonette Investments Limited, or related entities possessed the authority they claimed to exercise.
54. Plaintiff seeks all Member consents, written approvals, amendments, resolutions, written actions, shareholder consents, board resolutions, merger records, conversion records, succession records, and other documents showing that Mignonette Investments Limited consented to the resignation, retirement, abandonment, termination, replacement, conversion, merger, or succession of Babcock & Brown Administrative Services, Inc. or Babcock & Brown Administrative Services LLC as Manager of Westborough SPE LLC. These records are necessary because the Operating Agreement required Member consent before the Manager could cease serving as Manager, and no Member consent has been produced despite repeated assertions that managerial authority lawfully passed through a series of successor entities.

55. Plaintiff seeks all records showing the specific corporate acts by which authority allegedly passed from Babcock & Brown Administrative Services, Inc. to Babcock & Brown Administrative Services LLC, from Babcock & Brown Administrative Services LLC to Babcock & Brown Parallel Member LLC, and thereafter to any other person or entity claiming authority over Westborough SPE LLC. These records are necessary because Defendants rely upon conversions, mergers, successions, and corporate restructurings to explain the authority chain, yet no contemporaneous records have been produced establishing that the governance requirements of the Operating Agreement were satisfied.

56. Plaintiff seeks all written delegations, powers of attorney, unanimous consents, incumbency certificates, officer appointments, signature-authority records, board resolutions, member consents, and other authority documents showing how authority passed from Jan Blaustein Scholes to Dyann Blaine and thereafter to any other individual claiming authority to act for Westborough SPE LLC, Mignonette Investments Limited, Babcock & Brown Administrative Services, Inc., Babcock & Brown Administrative Services LLC, or Babcock & Brown Parallel Member LLC. These records are necessary because contemporaneous records identify Jan Blaustein Scholes as the person authorized to act on behalf of the Manager, while later records rely upon Dyann Blaine's authority without producing the delegation, appointment, power of attorney, or other instrument by which such authority was transferred or conferred.

57. Plaintiff seeks all delegation instruments and powers of attorney issued pursuant to Section 1(g) of the Operating Agreement, together with all records authorizing Jan Blaustein Scholes, Dyann Blaine, Walter Horst, or any other person to act on behalf of the Manager or Westborough SPE LLC. These records are necessary because the Operating Agreement expressly recognizes written delegation as the mechanism by which managerial authority may be exercised through others, and no delegation records have been produced despite repeated claims that authority existed.

58. Plaintiff seeks all records supporting the assertion that Jan Blaustein Scholes resigned from all relevant Babcock & Brown positions effective October 1, 2007, including resignation letters, schedules, written consents, officer records, board minutes, member consents, and corporate records identifying the specific entity from which she resigned. These records are necessary because the materials produced to date do not establish that Scholes resigned from the entity that served as Manager of Westborough SPE LLC, nor do they establish who succeeded to her authority.

59. Plaintiff seeks all records concerning the preparation, execution, metadata, draft history, storage history, and document-management history of authority-related records bearing internal "sf_legal" references, including the October 1, 2007 resignation letter, October 1, 2007 written consent, June 2009 resignation materials, and related governance records. These records are necessary because the provenance and creation history of those documents bear directly upon whether the asserted authority changes were contemporaneously documented.

60. Plaintiff seeks all records concerning Mignonette Investments Limited, including director registers, officer records, shareholder records, beneficial ownership records, registered-agent records, powers of attorney, resolutions, written consents, corporate representative records, and communications concerning ownership or control. These records are necessary because Mignonette was the sole Member of Westborough SPE LLC and only Mignonette could provide the Member approvals required by the Operating Agreement.

61. Plaintiff seeks all records maintained pursuant to the Administrative Services Agreement, including books and records, financial statements, accounting records, tax records, notices, correspondence, rent-monitoring records, debt-service records, professional-engagement records, and records relating to the management and administration of Westborough SPE LLC. These records are necessary because Babcock & Brown Administrative Services, Inc. was contractually responsible for maintaining such records and administering the affairs of the Company.

62. Plaintiff seeks all IRS Forms SS-4, including all EIN applications, responsible-party records, supporting documentation, transmittals, correspondence, amendments, and related records for Westborough SPE LLC, Mignonette Investments Limited, and related entities. These records are necessary because they identify who applied for taxpayer identification numbers, who was represented to the IRS as the responsible party, what ownership information was provided, and who possessed authority to act for the entity at the time.

63. Plaintiff seeks all IRS Forms 2848, Powers of Attorney and Declarations of Representative, including all attachments, revocations, CAF records, transmittals, and correspondence. These records are necessary because they identify the persons authorized to represent the entities before the IRS and may establish who possessed authority to receive tax information, execute tax-related documents, and act on behalf of the entities.

64. Plaintiff seeks all IRS Forms W-8ECI, Forms 1120-F, Forms 1065, Forms 8879-C, and all related schedules, work papers, signatures, preparer records, transmission records, tax-authority correspondence, and supporting documentation. These records are necessary because they may identify beneficial ownership, taxpayer status, responsible signatories, reporting positions, tax administration, authority to file returns, and the individuals who represented themselves to taxing authorities as authorized to act for the entities. These records are further necessary because the Manager was responsible for tax administration and the existence, absence, or discontinuation of tax filings bears directly on whether the asserted management structure was functioning as represented.

65. Plaintiff seeks all records concerning the November 2007 Massachusetts withdrawal filing for Westborough SPE LLC, including drafts, approvals, instructions, signatory records, communications, and legal analysis supporting that filing. These records are necessary because Westborough SPE LLC continued to own the 231 Turnpike Road property at the time the withdrawal was filed, raising questions concerning the accuracy, authority, and purpose of the filing.

66. Plaintiff seeks all Union Bank, MUFG Union Bank, U.S. Bank, and California State Controller records relating to Westborough SPE LLC account ending in 5836, including signature cards, account-opening documents, authorized signer records, corporate resolutions, statements, transaction histories, escheatment records, claimant records, authority records, and correspondence. These records are necessary because they will identify who controlled the account, who exercised authority over the funds, who claimed authority concerning the funds, and what documentation was relied upon in transferring and releasing the funds.

67. Plaintiff seeks all records concerning communications among Babcock & Brown personnel, Goulston & Storrs, TMF/Equity Trust, InterGest, Paul Horvath, Corporation Service Company, the Town of Westborough, the California State Controller, and other persons possessing information concerning Westborough SPE LLC, Mignonette Investments Limited, ownership, authority, tax administration, beneficial ownership, account control, foreclosure, or unclaimed property. These records are necessary because the existing record demonstrates that numerous actors possessed portions of the relevant information, yet no complete documentary record has been produced explaining the authority chain and governance history asserted by Defendants.

68. The requested records are material and necessary because Defendants and related parties have repeatedly asserted conclusions concerning authority, succession, resignation, ownership, governance, tax administration, and control while withholding the contemporaneous records that would prove or disprove those assertions.

69. Plaintiff does not seek a general search of Defendants' files. Plaintiff seeks specific categories of records that should exist if the authority transfers, delegations, resignations, tax filings, appointments, successions, ownership representations, and governance actions asserted by Defendants actually occurred.

70. Plaintiff seeks all records relating to Case No. CGC-09-493338, Babcock & Brown Limited v. Babcock & Brown Executive Achievement Services, Inc., et al., including pleadings, discovery

materials, settlement materials, mediation materials, investigative reports, ownership analyses, authority analyses, communications, witness statements, accounting records, asset-recovery records, abandoned-property records, unclaimed-funds records, and records concerning the recovery, administration, or disposition of funds belonging to Babcock & Brown entities. These records are necessary because the litigation involved questions of ownership, authority, corporate control, and entitlement to substantial assets and funds, and may reveal how authority was exercised within the Babcock & Brown structure, who was recognized as possessing authority to act for various entities, and what documentation was relied upon in establishing such authority.

71. Plaintiff seeks all records relating to investigations conducted by or on behalf of David J. F. Lombe, Deloitte Financial Advisory Pty Ltd, Babcock & Brown Limited, or their agents concerning Westborough SPE LLC, Mignonette Investments Limited, beneficial ownership, corporate governance, management authority, asset ownership, property ownership, or related matters. These records are necessary because the existing record reflects that investigators and professionals were engaged to determine ownership and authority issues, yet the underlying investigative materials have not been produced.

72. Plaintiff seeks all engagement letters, retention agreements, conflict-check materials, client-identification records, know-your-client records, intake records, billing records, matter-opening records, authority-verification records, corporate-governance records, and communications relating to Goulston & Storrs P.C.'s representation of Westborough SPE LLC, Mignonette Investments Limited, Babcock & Brown entities, Jan Blaustein Scholes, Dyann Blaine, Walter Horst, TMF/Equity Trust, or any other person claiming authority concerning Westborough SPE LLC. These records are necessary because they may identify who retained counsel, who represented that they possessed authority to act for the relevant entities, what governance documents were provided to counsel, what ownership information was disclosed to counsel, and what diligence was performed concerning the authority of the persons purporting to act on behalf of the entities.

73. Plaintiff seeks all drafts, execution copies, transmittal records, correspondence, memoranda, notes, and communications in Goulston & Storrs' possession concerning the October 22, 1997 Operating Agreement, the October 30, 1997 Participation Agreement, the formation of Westborough SPE LLC, the formation and governance of Mignonette Investments Limited, and communications with James B. McCaffrey, F. Jan Blaustein, Philip Hartley Green, Monique Belkin, Derek Andrews, Integro Trust (BVI) Limited, TMF/Equity Trust, or related parties. These records are necessary because they bear directly upon the original governance structure, ownership structure, delegation structure, and authority framework that Defendants rely upon while simultaneously withholding the underlying contemporaneous records.

74. Plaintiff further seeks all communications, correspondence, memoranda, governance records, authority records, delegation records, accounting records, tax records, banking records, engagement records, metadata, drafts, notes, and other documents created by, sent to, received from, copied to, maintained by, or concerning F. Jan Blaustein, James B. McCaffrey, Monique Belkin, Stephen Finno, James D. Jaworski, David G. Crane, Walter Horst, Dyann Blaine, Josh Stoltzfus, Regina Gong, Kathy Fell, Elizabeth C. Hudson, Geri Stukel, Jay D. Gayner, Robert S. Tomczak, and Derek Andrews. These individuals were involved in the formation, governance, legal administration, accounting, treasury management, tax compliance, banking administration, beneficial ownership administration, or operational management of Westborough SPE LLC, Mignonette Investments Limited, Babcock & Brown Administrative Services, Inc., or related entities. Known Babcock & Brown email addresses include stevef@babcockbrown.com, jjaworski@babcockbrown.com, jamesj@bbam.com, james.jaworski@babcockbrown.com, monique@babcockbrown.com, dcrane@babcockbrown.com, david@babcockbrown.com, and other associated Babcock & Brown email accounts. These records are necessary because they are likely to contain information concerning the creation, administration, delegation, transfer, exercise, and succession of authority within the Westborough SPE LLC structure, the

implementation of the Administrative Services Agreement, the maintenance of books and records, tax reporting responsibilities, banking authority, beneficial ownership information, and the identities of persons authorized to act on behalf of the relevant entities.

75. Plaintiff's identification of the foregoing document categories is based upon information presently available to him, including records obtained through prior litigation, public records, subpoena responses, bankruptcy proceedings, correspondence, and third-party disclosures.

76. Plaintiff reasonably believes that additional categories of material and necessary records exist that cannot presently be identified with greater specificity because the relevant information remains uniquely within the possession, custody, or control of Defendants and related parties.

77. Plaintiff therefore reserves the right to seek additional narrowly tailored categories of discovery, amend the requested document schedule, amend this Complaint, and assert additional claims or theories of relief as further information becomes available through disclosure of the records requested herein.

78. The inability to identify every responsive document category at the commencement of this action is itself a consequence of the information asymmetry that gives rise to this equitable proceeding. The purpose of the requested discovery is to determine the full nature of the authority chain, ownership structure, governance history, delegation history, tax administration, account control, and related conduct that presently remain obscured by the absence of contemporaneous records.

79. Plaintiff does not seek unlimited discovery. Plaintiff seeks disclosure of those records reasonably necessary to identify responsible parties, evaluate existing claims, determine whether additional personal claims exist, and establish the factual basis of claims that cannot presently be pleaded with greater particularity due to Defendants' exclusive control of the underlying information.

80. Plaintiff seeks these records because many of the authority, governance, succession, resignation, delegation, and administrative records presently relied upon by Defendants were created during a period in which the Babcock & Brown enterprise was undergoing severe financial distress and organizational upheaval. Publicly available records reflect that Babcock & Brown's market capitalization exceeded A$9 billion at its peak in 2007, but the company was severely affected by the global financial crisis, experienced a collapse in value exceeding 95%, implemented substantial management changes, asset sales, workforce reductions, and restructuring efforts during 2008, entered voluntary administration on March 13, 2009, and was subsequently placed into liquidation in August 2009. During this period, numerous affiliated entities, officers, directors, managers, accountants, attorneys, liquidators, administrators, and service providers were engaged in restructuring operations, recovering assets, winding down businesses, transferring responsibilities, terminating relationships, and addressing unresolved ownership and authority issues. Under these circumstances, verification of the underlying corporate, governance, tax, accounting, banking, and authority records is necessary because the existing record contains material gaps, unexplained transitions in authority, missing records, abandoned assets, and conflicting assertions concerning who possessed authority to act for the relevant entities. The requested records are therefore necessary to determine whether the authority chain presently asserted by Defendants is supported by contemporaneous documentation reflecting the required corporate acts and approvals, rather than assumptions arising from liquidation, restructuring, merger, conversion, resignation, succession, or other wind-down activities occurring during the collapse of the Babcock & Brown enterprise.

**COUNT I**
**EQUITABLE BILL OF DISCOVERY**

81. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

82. Massachusetts recognizes the continuing availability of an equitable bill of discovery through the Court's inherent equitable powers. See MacPherson v. Boston Edison Co., 336 Mass. 94, 142 N.E.2d 304 (1957).

83. Massachusetts further recognizes that a bill of discovery may be maintained not only in aid of a contemplated action but also in aid of litigation that has already been brought. See Wolfe v. Massachusetts Port Authority, 366 Mass. 417 (1974).

84. Courts have recognized that the existence of a pending lawsuit does not automatically preclude a separate bill-of-discovery proceeding where the requested information is material and necessary to the establishment of a litigant's claims. See Hutchinson v. Farm Family Casualty Insurance Co., 273 Conn. 33, 867 A.2d 1 (2005).

85. Courts have further recognized that the existence of another procedural remedy does not automatically defeat equitable relief. A remedy is adequate only if it provides the requested relief conveniently, effectively, and completely. See Journal Publishing Co. v. Hartford Courant Co., 261 Conn. 673, 804 A.2d 823 (2002).

86. The information sought by Plaintiff is material and necessary to Plaintiff's personal claims and causes of action.

87. The information sought is specifically identified and is not sought for purposes of a fishing expedition.

88. The requested records concern, among other things, authority, ownership, governance, control, agency relationships, fiduciary obligations, asset administration, investigations, communications, and transactions relating to Westborough SPE LLC, Mignonette Investments Limited, Babcock & Brown entities, and related persons and entities.

89. The requested information is uniquely possessed by Defendants or by persons and entities subject to their control, influence, agency relationships, contractual authority, or practical access.

90. Existing procedures have not provided Plaintiff with a practical, effective, and complete means of obtaining the requested information.

91. Plaintiff has previously sought to obtain the requested information through Rule 2004 requests, subpoenas, discovery requests, contested matters, Adversary Proceeding No. 24-04017, Adversary Proceeding No. 25-04033, Suffolk Superior Court Case No. 2584CV02036, Suffolk Superior Court Case No. 2584CV02846, and related proceedings.

92. Those efforts have been denied, restricted, stayed, limited, rendered unavailable by procedural rulings, challenged based upon asserted bankruptcy-related restrictions, foreclosed by discovery deadlines, or otherwise prevented from providing Plaintiff access to the requested information.

93. As a result, despite diligent efforts across multiple proceedings and forums, the requested information remains unavailable through any practical, effective, and complete means.

94. Without access to the requested records, Plaintiff cannot fully investigate, evaluate, plead, or prove his personal claims against Defendants and other responsible parties.

95. The circumstances presented here are precisely the type of unusual situation in which equitable discovery remains necessary because ordinary procedures have proven ineffective in obtaining information that is material and necessary to the fair adjudication of Plaintiff's claims.

96. Equity therefore requires disclosure of the requested records and information.

**COUNT II**
**DECLARATORY RELIEF**

97. An actual controversy exists regarding Plaintiff's entitlement to obtain the requested information.

98. Plaintiff seeks a declaration concerning the rights and obligations of the parties with respect to the requested records.

**COUNT III**
**RELATED EQUITABLE RELIEF**

99. Plaintiff incorporates all preceding allegations.

100.    An actual and present controversy exists concerning the effect and scope of orders entered in Bankruptcy Case No. 23-40709-CJP and Adversary Proceeding No. 25-04027-CJP.

101.    Defendants and third parties have asserted that those orders prohibit Plaintiff from obtaining discovery, serving subpoenas, obtaining documents, and otherwise prosecuting Suffolk Superior Court Civil Action No. 2584CV02036, Akouete v. Mignonette Investments Limited, and Suffolk Superior Court Civil Action No. 2584CV02846, Akouete v. Peter Blaustein.

102.    Plaintiff disputes those assertions and contends that no order entered in Bankruptcy Case No. 23-40709-CJP or Adversary Proceeding No. 25-04027-CJP prohibits Plaintiff from obtaining discovery from non-debtor third parties concerning his personal claims asserted in those actions.

103.    As a result of the parties' conflicting interpretations of the Bankruptcy Court's orders, discovery has been withheld and Plaintiff's efforts to obtain material evidence have been obstructed.

104.    Plaintiff seeks a declaration that no order entered in Bankruptcy Case No. 23-40709-CJP or Adversary Proceeding No. 25-04027-CJP prohibits Plaintiff from serving subpoenas, obtaining documents, conducting discovery, or otherwise prosecuting Civil Action No. 2584CV02036 and Civil Action No. 2584CV02846 against non-debtor parties.

## RESERVATION OF CLAIMS

105.    Plaintiff believes the requested records will provide evidence relevant to claims previously asserted in Adversary Proceeding No. 25-04033, as well as additional personal claims that cannot presently be pleaded with greater specificity because the relevant information remains in the possession, custody, or control of Defendants and third parties.

106.    The requested records are expected to bear directly upon Plaintiff's existing and contemplated claims for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, civil conspiracy, fraud, fraudulent concealment, abuse of process, bad-faith conduct, interference with Plaintiff's rights, and other related causes of action arising from the conduct described herein.

107.    Plaintiff alleges that Defendants and related parties have withheld, concealed, or obstructed access to information material to those claims, including information concerning ownership, authority, corporate governance, fiduciary responsibilities, agency relationships, asset control, and the actions taken by various parties in connection with Westborough SPE LLC and related entities.

108.    Because the requested records have not been produced, Plaintiff cannot presently identify all responsible parties, all causes of action, or the full extent of damages arising from Defendants' conduct.

109.    Plaintiff expressly reserves the right to amend this Complaint, supplement his allegations, add parties, and assert additional causes of action following disclosure of the requested records.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Grant the requested equitable bill of discovery;

B. Order production of the requested records;

C. Enter declaratory relief concerning Plaintiff's entitlement to the requested information;

D. Permit amendment of this Complaint following disclosure;

E. Award costs and such other relief as justice requires.

DATED: June 17, 2026,                    Respectfully submitted:

_____

Lolonyon Akouete
800 Red Mills Rd
Wallkill NY 12589
info@smartinvestorsllc.com
(443) 447-3276